PER CURIAM:
On April 5, 1986, the claimant was operating his 1980 Oldsmobile in a westerly direction on West Virginia Secondary Route 42 between Midkiff and Mud River Road, Lincoln County. At this site, on the right-hand side, there is a section of the road which has washed away. An oncoming truck approached claimant's vehicle. The headlights from this truck deterred claimant from seeing the deteriorated section of the road. As a result, claimant's vehicle left the road, went over a bank, and struck a rock cliff. There was damage to the front bumper, the right front fender, and windshield of claimant's vehicle. Claimant seeks $20,000.00 for damage to the vehicle and for personal injuries. Claimant alleges that respondent was negligent for its failure to have warning signs and guardrails at this location.
At the time of this incident it was approximately 9:30 p.m. and dark, claimant was operating his headlights on low beam. The road in question is a two-lane, blacktop highway. The road was dry.
Scott Carl Adkins, Jr. testified that he viewed the accident scene and took photographs on April 8, 1986. He stated "... the berm had gone off into the road, till it met the road, and some of the term was missing." He estimated that four to six inches of the pavement area itself was gone.
Mr. Jackie Weaver, road supervisor in Lincoln County for respondent at the time of this incident, testified that respondent tried several times to stop the slipping of this particular *2 road. He farther testified that respondent frequently placed paddle-like signs up right along the edge of this road.
Mr. Roger Lovejoy, county maintenance supervisor in Lincoln County for respondent on April 5, 1986, testified that the road in question is a low priority or secondary road. He stated that prior to this incident, there were safety paddles in the break location on this road.
The evidence in this case reveals that the road in question is a secondary road. The respondent had placed warning paddle signs on several occasions prior to this incident which indicates that respondent did take safety precautions for the travelling public.
The Court is of the opinion that negligence on the part of the respondent has not been established and, therefore, the Court denies this claim.
Claim disallowed.